Robert J. De Groot, Esq.
Attorney I.D. 28235-1972
60 Park Pl.
Newark, N.J. 07102
(973) 643-1930

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT FOR NEW JERSEY

```
---------------------------x
NEIL SEBSO,                 :
                           :      Civ. No.:
        Plaintiff,         :
                           :
                           :      COMPLAINT
vs.                        :
                           :
                           :
BERGEN COUNTY PROSECUTOR'S  :
OFFICE; ROCKLAND COUNTY     :
DISTRICT ATTORNEY;          :
ROCKLAND COUNTY;            :
JANES DOES 1-10;            :
JOHN DOES 1-10;             :
XYZ Inc.                    :
                           :
        Defendants.        :
                           :
---------------------------x
```

NEIL SEBSO, the Plaintiff, by and through his Attorney,
Robert J. De Groot, Esq., hereby alleges by way of Complaint,
the following:

### PARTIES

1. At all relevant times herein, Neil Sebso ("Plaintiff")
was a resident of 555 North Avenue Apt 21D, in the City of Fort
Lee, County of Bergen, in the State of New Jersey.

2. At all relevant times herein, the Bergen County Prosecutor's Office ("Bergen County Prosecutor") was and continues to be the chief law enforcement entity in the County of Bergen, organized under the laws of the State of New Jersey, and is in charge of law enforcement and public safety for the County of Bergen.

3. At all relevant times herein, Defendant Rockland County District Attorney's Office ("Rockland D.A.") was and continues to be a municipal agency duly organized and existing under the laws of the State of New York, with its principal place of business located at 1 South Main Street, New City, New York, 10956.

4. Defendant Rockland County ("Rockland County") was and continues to be a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. John Does 1-10 are individuals whose identities are not yet known and who were employed by the various Defendants or acted as their agents.

6. Jane Does 1-10 are individuals whose identities are not yet known and who were employed by the various Defendants or acted as their agents.

7. XYZ Corp., 1-10 are government entities whose identities are not yet known who participated in the unlawful transfer and forfeiture of property seized from the Plaintiff.

## JURISDICTION and VENUE

8. Plaintiff repeats and re-alleges the preceding paragraphs as if fully plead herein.

9. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. §1983

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) in that the events and omissions giving rise to these causes of action occurred in Bergen County, N.J.

## FACTS COMMON TO ALL COUNTS

12. On April 1, 2014, the Hon. Liliana S. Devila-Silebi, P.J.S.C. of the Superior Court of New Jersey, Bergen County, Law Division, Criminal Part, approved a search warrant application submitted by the Bergen County Prosecutor's Office, to search the Plaintiff's home located at 555 North Ave. Apt 21D, Fort Lee, N.J. 07204.

13. The Bergen County Prosecutor submitted an affidavit based on information provided by the NYPD, to establish the purported probable cause necessary to search the Plaintiff's home.

14. The Bergen County Prosecutor conducted a search of the apartment on April 2, 2014.

15. The Bergen Prosecutor seized one hundred eleven thousand, seven hundred twenty-seven dollars ($111,727.00) from the Plaintiff's home.

16. There was no "per se" contraband discovered during the search.

17. The Bergen County Prosecutor asserted that it conducted a search of the apartment to "assist" the Rockland D.A.

18. On June 24, 2014, the Bergen County Prosecutor's Office made an *ex parte* application to the Superior Court of New Jersey, Law Division, Bergen County, to transfer the Property to the Rockland County District attorney's Office, Rockland County Regional Investigative Resource Center/Organized Crime Unit.

19. The court granted the Bergen County Prosecutor's application on July 3, 2014.

20. On October 27, 2015, the Rockland County District Attorney's Office determined that the Property should be transferred to the District Attorney's non-federal forfeiture accounts and the property be forfeited and paid to various police agencies.

21. The Rockland County District Attorney acknowledged that no forfeiture actions were commenced at the time that the determination was made to transfer or forfeit the monies.

4

22.   On November 18, 2015, the Rockland County District Attorney deemed the property forfeited, despite not providing notice to the Plaintiff that it was seeking to forfeit the property.

23. The Rockland County District Attorney asserted that their actions to forfeit the monies were consistent and permitted under Rockland County Res. No. 35-2009 or Section 3-2 of the Rockland County Law and CPLR 1349.

24. To date, the Plaintiff was not charged with any offenses related to the property seized.

25. None of the Defendant entities has to date instituted forfeiture proceedings related to the property seized.

26. On April 23, 2018, the Plaintiff filed a Complaint alleging various causes of action against Rockland County, the Rockland County District Attorney, Bergen County Prosecutor's Office, the Bergen County Prosecutor, the State of New Jersey.

27. The Rockland Defendants filed a motion to dismiss the Complaint for lack of personal jurisdiction.

28.   The trial court granted the motion to dismiss for lack of jurisdiction which was affirmed by the Superior Court of New Jersey on August 11, 2020.

## Count I- Conspiracy to violate 42 U.S.C. §1983

29. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

30. At all times relevant hereto, the Defendants acted under the color of State Law.

31. The Defendants conspired to derive the Plaintiff of his constitutional rights by seizing and unlawfully depriving the Plaintiff of his Property without due process.

32. The Defendants' action to seize and then forfeit Plaintiff's property without providing notice to him or permitting him an opportunity to contest the forfeiture amounted to a deprivation of due process under the 4th and 14th Amendments by way of 42 U.S.C. §1983.

33. As a results of the Defendants' actions, the Plaintiff sustained damages.

WHEREFORE the Plaintiff demands a judgment awarding him: compensatory damages, punitive damages, attorney fees, costs and other relief that the court may deem fit to award.

## Count II- Violation of 42 U.S.C. §1983

34. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

35. At all times relevant hereto, Rockland D.A., acted under the color of law.

36. The Rockland D.A.'s actions to forfeit the Plaintiff's Property without providing notice to him or permitting him an opportunity to contest the forfeiture amounted to a deprivation of due process under the 4th and 14th Amendments by way of 42 U.S.C. §1983.

37. As a results of the Rockland D.A.'s actions, the Plaintiff sustained damages.

WHEREFORE the Plaintiff demands a judgment awarding him: compensatory damages, punitive damages, attorney fees, costs and other relief that the court may deem fit to award.

<u>**Count III- Violation of 42 U.S.C. §1983**</u>

38. Plaintiff repeats and realleges the preceding paragraphs as if fully plead herein.

39. At all times relevant hereto, the Bergen County Prosecutor's Office acted under the color of law.

40. The Bergen County Prosecutor's Office to transfer the Plaintiff's property without providing notice to him or permit him to contest the transfer amounted to a deprivation of due process under the 4th and 14th Amendments by way of 42 U.S.C. §1983.

41. As a result of the Bergen County Prosecutor's actions, the Plaintiff sustained damages.

WHEREFORE the Plaintiff demands a judgment awarding him: compensatory damages, punitive damages, attorney fees, costs and other relief that the court may deem fit to award.

### Count V- Respondeat Superior

42. Plaintiff repeats and realleges the preceding paragraphs as if fully plead herein.

43. Rockland County failed to properly supervise Rockland D.A. in its handling and administration of actions to seize and then forfeit the Plaintiff's Property without first providing him notice or instituting procedures to forfeit the Property.

44. As a result of Rockland County's actions, the Plaintiff sustained damages.

WHEREFORE the Plaintiff demands a judgment awarding him: compensatory damages, punitive damages, attorney fees, costs and other relief that the court may deem fit to award.

### Count VI- Conversion

45. Plaintiff repeats and realleges the preceding paragraphs as if fully stated herein.

46. The Rockland County District Attorney's Office participated in unlawful actions to seize and forfeit the Plaintiff's Property.

47. The Rockland County District Attorney's Office forfeited the Property without providing notice to the Plaintiff.

48. The Plaintiff did not consent for Rockland County to forfeit the Property.

49. The Plaintiff was the rightful owner of the Property that was improperly converted by the Defendant.

50. As a result of the Rockland D.A.'s actions, the Plaintiff sustained damages.

WHEREFORE the Plaintiff demands a judgment awarding him: compensatory damages, punitive damages, attorney fees, costs and other relief that the court may deem fit to award.

### Count VII- Failure to Make Required Disposition

51. Plaintiff repeats and realleges the preceding paragraphs as if fully stated herein.

52. The Rockland D.A. was required to return the Plaintiff's property after it failed to provide notice of forfeiture or to institute forfeiture proceedings.

53. As a result of the Rockland D.A.'s failure to return the Property, the Plaintiff sustained damages.

WHEREFORE the Plaintiff demands a judgment awarding him: compensatory damages, punitive damages, attorney fees, costs and other relief that the court may deem fit to award.

### COUNT VIII- VIOLATION OF N.J.S.A. 2C:64-1

54. Plaintiff repeats and realleges the preceding paragraphs as if fully stated herein.

55. N.J.S.A. 2C:64-1 subjects property to seizure and forfeiture if it was contraband, proceeds of illegal activity, or used to further illegal activities.

56. The statute requires the State to initiate forfeiture proceedings within 90 days of seizure of property.

57. The Bergen County Prosecutor failed to initiate forfeiture proceedings and violated the statute when it unilaterally and without notice transferred the Property to the Rockland County D.A.

58. As a result of the Bergen County Prosecutor's actions, the Plaintiff sustained damages.

WHEREFORE the Plaintiff demands a judgment awarding him: compensatory damages, punitive damages, attorney fees, costs and other relief that the court may deem fit to award.

## Designation of Trial Counsel

Robert J. De Groot, Esq., is hereby designated as trial counsel in the within matter.

By: Robert J. De Groot, Esq.

Date: 12/21/20

## **<u>Demand for Trial by Jury</u>**

Plaintiff hereby demands a trial by jury as to all the issues in this matter.

By: Robert J. De Groot, Esq.

Date: 12/21/20