<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NEIL SEBSO,

                          Plaintiff,

v.

BERGEN COUNTY PROSECUTOR'S
OFFICE, *et al.*,

                          Defendants.

Civil Action No. 21-3048 (SDW) (AME)

**OPINION**

October 14, 2021

**WIGENTON**, District Judge.

        Before this Court are Defendants Bergen County Prosecutor's Office, Rockland County, and Rockland County District Attorney's Office's (collectively, "Defendants") Motions to Dismiss Plaintiff Neil Sebso's ("Plaintiff") Complaint (D.E. 1 ("Compl.")).  The Bergen County Prosecutor's Office ("BCPO") moves to dismiss the counts against it for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6).  (D.E. 7.)  Rockland County and the Rockland County District Attorney's Office ("Rockland DA's Office") (collectively, the "Rockland Defendants") move to dismiss the counts against them for lack of personal jurisdiction, pursuant to Rule 12(b)(2), and for failure to state a claim, pursuant to Rule 12(b)(6).  (D.E. 8.)  Also before this Court is Plaintiff's Cross-Motion for Leave to Amend the Complaint, pursuant to Rule 15(a)(2), and to Transfer this case to the Southern District of New York, pursuant to 28 U.S.C. §§ 1631 and 1406(a).  (D.E. 13.)  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Cross-Motion is **DENIED**.

## I.  BACKGROUND AND PROCEDURAL HISTORY

This lawsuit arises from Defendants' seizure and forfeiture of Plaintiff's property.  On April 1, 2014, Judge Liliana DeAvila-Silebi of the Superior Court of New Jersey, Bergen County, Law Division, Criminal Part, approved a warrant to search Plaintiff's residence in Fort Lee, New Jersey.  (Compl. ¶ 12.)  The BCPO executed a search pursuant to the warrant on April 2, 2014, and seized $111,727.00 (the "Money").  (*Id.* ¶¶ 14–15.)

On July 3, 2014, the Superior Court granted the BCPO's *ex parte* application to transfer the Money to the Rockland DA's Office in New York.  (*Id.* ¶¶ 18–19.)  The Rockland DA's Office transferred the Money to its non-federal forfeiture accounts and disbursed the Money to various police agencies, deeming the Money forfeited on November 18, 2015.  (*See id.* ¶¶ 20, 22.)  The Rockland DA's Office acknowledged that it transferred the Money without commencing a forfeiture action but asserted that its actions were legally permissible.  (*See id.* ¶¶ 21–23.)  To date, no defendant has instituted a forfeiture proceeding related to the Money or charged Plaintiff with an offense in connection with the Money.  (*Id.* ¶¶ 24–25.)

On April 23, 2018, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Civil Part, Bergen County, suing various government entities and agencies in connection with the forfeiture.  (*See id.* ¶ 26; D.E. 7-1 (Certification of Michael Moran, New Jersey Deputy Attorney General ("Moran Cert.")) at Exs. A and B (Plaintiff's 2018 pleadings in state court, Docket No. BER-L-2920-18).)[1]  The state court dismissed the BCPO and the Acting Bergen County Prosecutor without prejudice by way of stipulation.  (*See* Moran Cert. at Ex. D (state

---

[1] Defendants attach records from the related state court proceeding.  Such documents are subject to judicial notice and may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment.  *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (synthesizing cases); *Fraize v. Gov't Nat'l Mortg. Ass'n*, Civ. No. 14-7152, 2016 WL 958392, at *3 (D.N.J. Mar. 14, 2016) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

court's June 20, 2019, stipulation of dismissal).)[2]  The Rockland Defendants moved to dismiss the complaint for lack of personal jurisdiction and, following jurisdictional fact discovery, the state court granted their motion on April 26, 2019.  (*See* Compl. ¶¶ 27–28; Moran Cert. at Exs. E and F (state court orders authorizing limited discovery and dismissing the Rockland Defendants).) Plaintiff appealed that decision to the Appellate Division, which affirmed it on August 11, 2020, and dismissed the matter.  *See Sebso v. State by & through Bergen Cty. Prosecutor's Off.*, No. A-5225-18T3, 2020 WL 4590285 (N.J. Super. Ct. App. Div.).

Plaintiff filed suit in this Court on February 20, 2021, alleging seven counts related to the seizure and forfeiture of his Money: conspiracy under 42 U.S.C. § 1983 by Defendants to violate Plaintiff's due process rights under the 4th and 14th Amendments of the U.S. Constitution (Count I), violation of § 1983 by the Rockland DA's Office and the BCPO (Counts II and III), *respondeat superior* liability as to Rockland County (Count V), conversion by the Rockland DA's Office (Count VI), failure to make the required disposition by the Rockland DA's Office (Count VII), and violation of N.J. Stat. Ann. § 2C:64-1 by the BCPO (Count VIII).  (Compl. ¶¶ 29–58.)[3]

The BCPO subsequently moved to dismiss the counts against it for lack of subject matter jurisdiction and for failure to state a claim.  (D.E. 7.)  The Rockland Defendants moved to dismiss the counts against them for lack of personal jurisdiction and for failure to state a claim.  (D.E. 8.) Plaintiff opposed the motions by filing a cross-motion for leave to amend the Complaint, proposing to (1) withdraw his claims against the BCPO and (2) substitute the Rockland DA's Office with the former Rockland County District Attorney in his personal and official capacities.  (*See* D.E. 13-

---

[2] The state court also dismissed the State of New Jersey with prejudice because Plaintiff failed to comply with the New Jersey Tort Claims Act's notice requirements, N.J. Stat. Ann. § 59:1-1, *et seq.*  (*See* Moran Cert. at Ex. C (state court's October 18, 2018, dismissal order).)

[3] The Complaint is missing a Count IV.

3.)  Plaintiff conceded in his opposition that this Court does not have subject matter jurisdiction over his claims against the BCPO or personal jurisdiction over the Rockland Defendants.  (*See* D.E. 13 at 5, 22.)  Accordingly, Plaintiff also cross-moved to transfer this action to the United States District Court for the Southern District of New York, which has personal jurisdiction over the Rockland Defendants, and he indicated his intention to pursue his claims against the BCPO separately in New Jersey state court.  (*See id.* at 2–3.)  Defendants timely replied.  (D.E. 16, 20.)

## II.   <u>LEGAL STANDARDS</u>

### A.   **Rule 12(b)(1) Motion to Dismiss**

Subject matter jurisdiction establishes a court's "very power to hear the case."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  "A facial attack contests the sufficiency of the complaint because of a defect on its face, whereas a factual attack asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites."  *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17-1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations and quotation marks omitted).  When a defendant challenges the court's exercise of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion.  *See Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995).

**B.      Rule 12(b)(2) Motion to Dismiss**

Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986) (quotation omitted); N.J. Ct. R. 4:4–4. Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (quotation omitted).

The court can assert either general or specific jurisdiction over a defendant that has minimum contacts with the forum. *Bristol-Myers Squibb Co. v. Super. Ct. Cal.*, 137 S. Ct. 1773, 1780 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction is established through a minimum contacts analysis. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945); *O'Connor*, 496 F.3d at 316. In the Third Circuit, proving specific jurisdiction requires establishing the following three requirements: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[ ] with fair play and substantial justice." *Id.* at 317 (quotations and citations omitted). When a defendant challenges a court's exercise of personal jurisdiction, "the plaintiff

bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

      **C.**      **Rule 12(b)(6) Motion to Dismiss**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

D.      **Motion to Transfer**

When the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. Indeed, "a district court that lacks personal jurisdiction must at least consider a transfer." *Dansiger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). "The district court does, however, have 'broad discretion' not to transfer." *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)). Transfer under 28 U.S.C. § 1631 is warranted if (1) the action "could have been brought" in the transferee district and (2) transfer is in the interest of justice. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009). To satisfy the first requirement, the transferee court must have subject matter jurisdiction, be a proper venue, and have personal jurisdiction. *Kurzweil v. Amtrak*, Civ. No. 19-19388, 2020 WL 5760423, at *4 (D.N.J. Sept. 28, 2020) (citation omitted). The second "'requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that transfer, rather than dismissal, will preserve the plaintiff's cause of action.'" *Id.* (quoting *Am. Fin. Res., Inc. v. Smouse*, Civ. No. 17-12019, 2018 WL 6839570, at *5 (D.N.J. Dec. 31, 2018)).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "'The decision whether a transfer or dismissal is in the interest of justice, however, rests within the sound discretion of the district court.'" *J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc.*, Civ. No. 10-3496, 2011 WL 463051, at *5 (D.N.J. Feb. 3, 2011) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)).

### E.       Motion for Leave to Amend

Pursuant to Rule 15(a)(1), a party may amend its complaint once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or motion pursuant to Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  "In all other cases," under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  A motion for leave to amend a complaint shall be freely given when justice so requires.  *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although leave to amend pleadings is granted liberally, the court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  *Foman*, 371 U.S. at 182.  The decision whether to grant or deny a motion for leave to amend rests "within the discretion of the District Court."  *Id.*

## III.   **DISCUSSION**

### A.       **Claims Against the BCPO**

This Court agrees with Plaintiff and the BCPO that this Court lacks subject matter jurisdiction over Plaintiff's claims against the BCPO.  The Eleventh Amendment to the United States Constitution divests federal courts of their subject matter jurisdiction to hear suits brought against non-consenting states by private citizens, including suits for money damages under § 1983. *See* U.S. Const. amend. XI; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984).  "[A]rms of the state—including agencies, departments, and officials—are [also] entitled to the protection of the Eleventh Amendment immunity from suit when the state is the real party in interest."  *Trapp v. New Jersey*, Civ. No. 17-10709, 2018 WL 4489680, at *3 (D.N.J. Sept. 19, 2018); *see also Bowers v. Nat'l*

*Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).  "To determine whether the state is the real party in interest, [the Third Circuit] considers three factors: (1) whether the money to pay for the judgment would come from the state; (2) the status of the agency under state law; and (3) what degree of autonomy the agency has."  *Est. of Lagano v. Bergen Cty. Prosecutor's Off.*, 769 F.3d 850, 857 (3d Cir. 2014) (citing *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989)). Courts follow a holistic approach in examining the *Fitchik* factors, "balancing them equally." *Karns v. Shanahan*, 879 F.3d 504, 515 (3d Cir. 2018) (requiring a "holistic analysis" following *Regents of the Univ. of California v. Doe*, 519 U.S. 425 (1997)).

Each of the three *Fitchik* factors is satisfied here.  First, the alleged conduct concerns the BCPO's decisions to execute a search warrant of Plaintiff's home, seize the Money pursuant to the warrant, and transfer the Money to the Rockland DA's Office pursuant to a court order.  (*See* Compl. ¶¶ 14–19.)  All of these are traditional law enforcement functions that are subject to state supervision.  *See Gramiccioni v. Dep't of Law & Pub. Safety*, 235 A.3d 129, 141 (N.J. 2020).  Any judgment rendered against the BCPO would therefore effectively be against the state, which has a "duty to indemnify and defend county prosecutors and their subordinates" when the allegations pertain to prosecutorial employees' performance of law enforcement functions (as opposed to administrative functions).  *Wright v. State*, 778 A.2d 443, 450, 455–56 (N.J. 2001); *see also Coleman v. Kaye*, 87 F.3d 1491, 1499–1500 (3d Cir. 1996).  Second, the BCPO (like other county prosecutors' offices) is established under N.J. Const. art. VII, § II, para. 1, and was acting as an agent of the state when it engaged in the law enforcement actions alleged here.  *See Coleman*, 87 F.3d at 1499–1500; *Wright*, 778 A.2d at 461.  Third, Plaintiff's allegations implicate BCPO employees' interpretation and application of the N.J. Attorney General's binding guidelines and

directives regarding the detection, apprehension, and arrest of suspected criminals. *See Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 836–37 (3d Cir. 2009). The BCPO was therefore not autonomous from the state during the criminal investigation and search at issue. *See id.* at 837; *Gramiccioni*, 235 A.3d at 143–44. As each of the *Fitchik* factors is satisfied, the BCPO is protected by the state's Eleventh Amendment immunity, and Plaintiff's claims against it will be dismissed with prejudice.[4]

---

[4] Even if this Court had subject matter jurisdiction, Plaintiff's civil rights claims against the BCPO would be time-barred. The statute of limitations for 42 U.S.C. § 1983 actions that accrue in New Jersey is two years. *See O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006) (citations omitted) (applying N.J.S.A. § 2A:14-2). The "cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Penn. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). Here, the Money was seized on April 2, 2014, and the BCPO's application to transfer the Money to the Rockland DA's Office was granted on July 3, 2014. (*See* Compl. ¶¶ 14–15, 19.) Consequently, any civil rights claim against the BCPO should have been asserted on or before July 3, 2016. Plaintiff did not file his state court complaint until April 23, 2018, well outside the statute of limitations period.

Plaintiff contends that his state court "complaint was filed timely" within two years after he learned about the forfeiture, although he does not disclose when he learned about it. (D.E. 13 at 9, 12.) Even assuming that the state court action was timely filed, Plaintiff did not file the instant complaint until February 20, 2021. He argues that the intervening time period between the complaints must be equitably tolled, saving his claims from the statute of limitations. (*See* D.E. 13 at 10–13.) "[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (citation omitted). To benefit from equitable tolling, a plaintiff has the burden of demonstrating that he "exercise[d] due diligence to preserve his or her claim," as this remedy should be granted "'only sparingly.'" *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997) (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, Plaintiff contends that he should benefit from equitable tolling because he asserted his claims in a timely manner but in the wrong forum. (*See* D.E. 13 at 10–13.) However, his prior action in New Jersey state court was brought in the proper forum (albeit four years after the Money was seized). Even assuming that the state court action was timely filed, Plaintiff does not provide a sufficient explanation for why he waited almost twenty months after the BCPO was dismissed on June 20, 2019, to file this suit. Once the Appellate Division rejected Plaintiff's appeal on the issue of personal jurisdiction over the Rockland Defendants, on August 11, 2020, Plaintiff still waited another six months to file the instant case, a delay that Plaintiff's counsel attributes to "contemplating how to proceed where *one court* would have jurisdiction over all Defendants." (*Id.* at 12.) Such an explanation is difficult to credit where Plaintiff refiled his case in a Court that lacks subject matter jurisdiction over his claims against the BCPO, and personal jurisdiction over his claims against the Rockland Defendants (a point which the New Jersey trial court and Appellate Division already made clear). *See Sebso*, No. A-5225-18T3, 2020 WL 4590285, at *3–4. Because Plaintiff has not met his burden to show that equitable tolling applies, his § 1983 claims against the BCPO are time-barred.

## B.      Claims Against the Rockland Defendants

This Court also agrees with the parties that this Court lacks personal jurisdiction over the

Rockland Defendants.[5]  Therefore, the only remaining question for this Court to decide is whether

to transfer or dismiss Plaintiff's claims against the Rockland Defendants.  Transfer is warranted if

(1) the action "could have been brought" in the transferee district and (2) transfer is in the interest

of justice.  *D'Jamoos*, 566 F.3d at 110.  Thus, to decide whether Plaintiff's action could have been

brought in the Southern District of New York, this Court will apply New York's three-year statute

of limitations for § 1983 claims, *see Pearl v. City of Long Beach*, 296 F.3d 76, 79–80 (2d Cir.

2002), and S.D.N.Y.'s case law regarding equitable tolling principles.

The Complaint alleges that the Rockland Defendants violated Plaintiff's due process rights

by forfeiting the Money that the BCPO seized from his apartment, that forfeiture occurring on or

about November 18, 2015.  (*See* Compl. ¶¶ 22, 29–37.)  Plaintiff does not provide the date on

which he first became aware of the forfeiture, but he did not file his state court complaint until

April 23, 2018, almost 2.5 years after the forfeiture.  (*Id*. ¶ 26.)  At most, the statute of limitations

on Plaintiff's claims can be equitably tolled until April 26, 2019, when the state trial court

dismissed Plaintiff's claims for lack of personal jurisdiction and expressly stated in its order that

"Plaintiff's claim can be brought in N.Y. against the Rockland Defendants" because "no specific

---

[5] The New Jersey state court's previous decision that it has no personal jurisdiction over the Rockland Defendants precludes Plaintiff from attempting to renew his claims in a federal court sitting in New Jersey.  *See Cruickshank-Wallace v. CNA Fin. Corp.*, 769 Fed. App'x 77, 81–82 (3d Cir. 2019).  A plaintiff is collaterally estopped from relitigating the issue of personal jurisdiction over defendants where (1) the identical jurisdictional issue was previously determined by the state court in a prior action, (2) that issue was actually litigated, (3) the state court's determination was made in the form of a final judgment, (4) the determination of the issue was essential to that final judgment, and (5) the plaintiff was the same party in the earlier state court proceeding.  *See id.* at 81; *see also Kitces v. Wood*, 917 F. Supp. 338, 340–42 (D.N.J. 1996) (holding that a New Jersey trial court's prior dismissal of plaintiff's complaint for lack of personal jurisdiction over defendant was binding on the federal court sitting in New Jersey); *Strassman v. Essential Images*, Civ. No. 17-4227, 2018 WL 1251636, at *4–8 (D.N.J. Mar. 12, 2018) (same); *Wallace v. Keystone Printed Specialties Co.*, Civ. No. 14-5978, 2016 WL 5403088, at *2–8 (D.N.J. Sept. 27, 2016) (same). All of the elements of collateral estoppel are met here, and this Court therefore lacks personal jurisdiction over the Rockland Defendants for these claims.

jurisdiction [was] shown" in New Jersey. (Moran Cert. at Ex. F (some capitalization omitted).)
Instead of complying with the judge's instructions, Plaintiff waited almost two years to file the
instant action, and again filed it in New Jersey.

Plaintiff's filing of claims in the wrong forum, first in New Jersey state court and now here,
does not in and of itself "amount to sufficiently extraordinary circumstances to warrant equitable
tolling." *Wang v. Palmisano*, 157 F. Supp. 3d 306, 322 (S.D.N.Y. 2016) (denying equitable tolling
because "Plaintiff had notice that he filed his claims in the wrong court when the [state trial] court
dismissed his claims for lack of personal jurisdiction" (citation omitted)). "Even if Plaintiff felt
that he need not file a complaint in a different court because the [appellate court] had not ruled on
his appeal, equitable tolling is still not warranted because the operative question is what a
reasonable plaintiff would have done, not what Plaintiff subjectively felt justified doing." *Id.* at
322–23 (citing cases). As the state trial court judge was clear that the claims against the Rockland
Defendants belonged in New York, and as case law is crystal clear that "[a] federal court sitting in
New Jersey has jurisdiction over parties [only] to the extent provided under New Jersey state law,"
*Miller Yacht Sales*, 384 F.3d at 96, a reasonable plaintiff would have commenced an action in New
York shortly following the trial court's April 26, 2019, dismissal for lack of personal jurisdiction.
Even if Plaintiff felt justified in waiting for the Appellate Division's decision on August 11, 2020,
there is no reasonable explanation for waiting another six months and then refiling the claims in
New Jersey. These delays cannot be excused because Plaintiff has not shown that he "passed with
reasonable diligence through the period he seeks to have tolled." *Polanco v. U.S. Drug
Enforcement Admin.*, 158 F.3d 647, 655 (2d Cir. 1998) (quotation and alterations omitted).[6]

---

[6] Plaintiff's state law claims for conversion and failure to make the required disposition (Counts VI and VII) are also
barred because Plaintiff failed to timely file a notice of claims with the Rockland Defendants as required by New York
General Municipal Law §§ 50-e and 50-i. *See Smith v. City of New York*, Civ. No. 04-3286, 2010 WL 3397683, at
*14–15 (S.D.N.Y. Aug. 27, 2010) (dismissing claims for conversion and trespass and stating that "[t]he notice of

"[W]here it is clear that the statute of limitations has run in the proposed transferee district, a dismissal, rather than a transfer is appropriate."  *Kitces v. Wood*, 917 F. Supp. 338, 343 (D.N.J. 1996) (citing *McTyre v. Broward Gen. Med. Ctr.*, 749 F. Supp. 102, 104 (D.N.J. 1990)).  That is precisely the case here, where equitable tolling would not have saved Plaintiff's claims against the Rockland Defendants even if he had initially filed this action in the Southern District of New York on February 20, 2021.  Plaintiff's cross-motion to transfer this action will therefore be denied.

Plaintiff's proposed amended complaint withdraws his claims against the BCPO, substitutes the Rockland DA's Office with former Rockland County District Attorney Thomas Zugibe in his personal and official capacities, and changes the venue to the United States District Court for the Southern District of New York.  (*See* D.E. 13-3 at 1.)  The proposed amended claims include § 1983 conspiracy and due process violation claims against John Doe defendants (Counts I and II), § 1983 due process violation and supervisory liability claims against Mr. Zugibe (Counts III and VII), and a *Monell* liability claim against Rockland County (Count IV).  They also include state law claims for conversion against Mr. Zugibe and John Does (Count V) and failure to make the required disposition against Mr. Zugibe and Rockland County (Count VI).  Because Plaintiff's § 1983 and state law claims are time-barred for the reasons discussed above, and because this Court will deny Plaintiff's cross-motion to transfer this matter to S.D.N.Y., this Court will also deny Plaintiff's cross-motion for leave to file an amended complaint.  *See Foman*, 371 U.S. at 182 (stating that a district court may deny a motion for leave to amend where amendment would be futile).  If Plaintiff is convinced that he has meritorious and timely claims against Rockland County or Mr. Zugibe, he may file those claims in the proper venue.

---

claim requirements are strictly construed, and a plaintiff's failure to comply with the mandatory New York statutory notice-of-claim requirements generally results in dismissal of his claims" (quotation omitted)), *aff'd sub nom. Smith v. Tobon*, 529 F. App'x 36 (2d Cir. 2013).

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Cross-Motion for Leave to Amend the Complaint and to Transfer is **DENIED**. Plaintiff's Complaint is **DISMISSED**, and Plaintiff's claims against the BCPO are **DISMISSED WITH PREJUDICE**.  An appropriate order follows.


/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          André M. Espinosa, U.S.M.J.
             Parties